### GERNAU v. OCEANIC STEAM NAV. CO.

(Supreme Court, General Term, First Department. December 16, 1892.)

1. NEGLIGENCE—DANGEROUS PREMISES—EVIDENCE.
   In an action for the death of a child, the evidence showed that he struck his foot against a skid which was leaning against a shed or some boxes 'upon defendant's premises, whereupon the skid fell over and killed him. The skid was so heavy that it took three men to move it, and there was no evidence that it was standing perpendicularly at the time of the accident. *Held*, that the evidence failed to show negligence on the part of defendant.

2. SAME—PRESUMPTION.
   It is competent for defendant to show the position of the skid on the day before the accident, where there is evidence that it had not been used by defendant for several days, since the presumption would be that it remained in the same position.

Appeal from circuit court, New York county.

Action by Herman Gernau, as administrator of Edward Gernau, deceased, against the Oceanic Steam Navigation Company, for damages for causing the death of said Edward Gernau. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Wheeler, Cortis & Godkin, (Lawrence Godkin and E. P. Wheeler, of counsel,) for appellant.

Charles Steckler, (Alfred Steckler, of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff, as administrator, to recover damages for the death of his child, aged six years, through the negligence of the defendant. On the 25th of March, 1890, the deceased was picking up wood upon the bulkhead between the pier of the defendant and the Troy Line pier, which bulkhead was occupied by the defendant, and, as he was about moving from the position he was in, his foot struck against the toe piece of a skid belonging to the defendant, which was leaning against a shed or some boxes, and which fell upon the boy and killed him. This skid was so heavy that it took three men to move it. On one side it was flat or smooth, and on the other was the crosspiece or toe piece spoken of. The only eyewitnesses of the accident were two small boys, 13 to 14 years old, who claimed to have seen its occurrence, and described it as happening as above stated. Evidence was offered upon the part of the defendant showing that the boy, when found, was under the flat part of the skid; and it was held by the court that if this was the case it was impossible

for the accident to have happened as described by the boys. The jury, however, found a verdict in favor of the plaintiff; and from the judgment thereupon entered, and from an order denying a motion for a new trial, this appeal is taken.

Great stress is laid by the counsel for the appellant upon the incredibility of the testimony of the boys who claimed to have seen the accident; and certainly the contradictions which appear in the testimony of these witnesses upon the trial which resulted in the verdict in question, and the testimony given upon a previous trial of this action, seem to throw considerable discredit upon the testimony given by them. But it is not necessary, in the disposition of this appeal, to base our conclusion upon the fact that in our opinion these witnesses were entirely untrustworthy, and their evidence was of such a character as not to support a verdict, for the reason that the case is entirely barren of any proof of negligence upon the part of the defendant. It is claimed by the counsel for the respondent that this skid was standing almost perpendicularly, and not upon an incline. We have searched the record in vain to find any evidence of this character. There was a dispute between the boys who were examined as witnesses, and the witnesses for the defendant, as to whether this skid leaned against boxes or against a shed. But, from the illustrations given by the boys as to the incline at which the skid stood, it is apparent that it was not standing perpendicularly, even in their opinion; and this is further evidenced by the fact that one witness, O'Neill, clearly indicates in his testimony that there was room enough behind the skid for boys to go around. He says:

"The other boys and I did not go in behind that skid that day; I am sure of that. I was behind other skids, but not behind that. I saw some of the boys running in behind other skids. I don't think they ran behind this one. They might have done it when I was not looking."

It is true that in another place he says that the boxes were in the way for the boys to go behind the skid; that there was no place between the boxes and the skid for a boy to get through; that he was sure of that. But, when he illustrated in court the incline of the skid, it was perfectly clear that there was sufficient room.

It was sought upon the part of the appellant to prove the position of the skid the day before the accident. This evidence was excluded. This, we think, was error. The evidence showed conclusively that this skid had not been used by the defendant for several days, and, if it placed it in a secure and safe position, it was not responsible for the interference of interlopers with its position; and it had a right to show that it was in a safe position the day before, because, in the absence of evidence that it had been moved, the presumption would be that it continued on the day of the accident in the same position as it was in the day before. It would be a harsh rule of evidence to require the defendant to show every instant the position of articles which might become dangerous by being interfered with by persons without authority so to do. When the defendant, therefore, offered to show that, within a reasonable time of the happening of the accident, this skid was in a safe position, and it had no notice whatever of any change, it was

competent for it to establish this fact upon the question as to whether it was guilty of negligence or not.   We think, for these reasons, that error was committed to the prejudice of the defendant, and that a new trial must be had, with costs to the appellant to abide the event.·   All concur.